UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA MIAMI
DIVISION

**JURY TRIAL DEMANDED**

CASE NO.

YRIS RODRIGUEZ,

Plaintiff, Rodriguez,

v.

CARNIVAL CORPORATION, a
foreign corporation d/b/a
"CARNIVAL CRUISE LINES"

Defendant.
_____/

## COMPLAINT

The Plaintiff, YRIS RODRIGUEZ (hereinafter "RODRIGUEZ" or "Plaintiff"), by and through her undersigned counsel, sues the defendant CARNIVAL CORPORATION, a foreign corporation d/b/a "CARNIVAL CRUISE LINES" (hereinafter collectively "CARNIVAL" or "Defendant"), and alleges:

1. This is an action for damages in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars; and jurisdiction of this claim is founded upon 28 U.S.C.A §1333(1) (general maritime jurisdiction).

2. Plaintiff, RODRIGUEZ, is a U.S. citizen who resides and is domiciled in the state of Florida.

3. Defendant CARNIVAL is a foreign corporation that has its principal place of business in Miami-Dade County, Florida.

4. Defendant CARNIVAL, at all relevant times, owned and operated the cruise ship *CARNIVAL VICTORY* (hereinafter "the subject vessel").

5. The Plaintiff, Rodriguez, at all relevant times, was a fare-paying passenger aboard *CARNIVAL VICTORY*.

6. This action is being pursued in this court, as opposed to state court as otherwise allowed by the Saving To Suitors Clause of 28 U.S.C. §1333(1), because the defendant, at all relevant times, unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers from any place in the world to file cruise-related suits, "if at all," *only* in federal court *and only in this district and division*.

7. Defendant CARNIVAL, at all relevant times, owed the Plaintiff, RODRIGUEZ, a fare-paying passenger, a duty to exercise reasonable care under the circumstances for her safety.

8. Alternatively, Defendant CARNIVAL and/or its employees, at all material times, engaged in certain affirmative undertakings, as hereinafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

9. The Defendant, CARNIVAL, at all relevant times, undertook to maintain aboard the subject vessel, and its sister vessels in the same class, a stairway depicted in the below photographs that we will hereafter to refer to as the "subject stairway".

10. At all times material hereto, the Defendant, CARNIVAL, had a duty to maintain the subject stairways in a reasonably safe condition and had a duty to correct a dangerous condition about which the Defendant, CARNIVAL, either knew or should have known, by the use of reasonable care existed on the subject stairway, and had a duty to warn the Plaintiff,

RODRIGUEZ, of any dangerous condition on the stairway about which Defendant, CARNIVAL, had, or should have had, knowledge greater than that of the Plaintiff, RODRIGUEZ.

11. Defendant, CARNIVAL's, duty to maintain the subject stairway in a reasonably safe condition includes, but is not limited to, complying with all applicable rules, codes and regulations.

12. On information and belief, the subject stairway is referenced as stairway section 140 deck 1 to 0.

13. The subject stairway is a designated, accessible means of escape.

14. On January 12, 2019, Plaintiff was instructed by a Defendant, CARNIVAL, crew member to use the subject stairway in order to attempt to leave the ship. Upon further information and belief and at all relevant times, the subject stairway is designed for crew member use only. At all relevant times, Defendant, CARNIVAL, crew had opened up the subject stairway to fare paying passengers despite the stairway being designed for crew use only. In fact, this crew member only subject stairway is regularly opened by the Defendant, Carnival, as a way for fare paying passengers to leave the ship on the Carnival Victory as well as on sister Carnival ships. Defendant, Carnival, is negligent and failed to exercise reasonable care in the operation of the Carnival Victory when they regularly direct fare paying passengers to use the subject stairway.

15. Below are photographs depicting the subject stairway on the *CARNIVAL VICTORY*:



16. The Defendant and subject vessel, at all relevant times, had a duty to comply with the international maritime safety regulations promulgated under the authority of the U.S. Senate-ratified Safety of Life at Sea (SOLAS) treaty, including *Part C, Regulation 13*, subpart 1.1 ("safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition, clear of obstacles."); subpart G4.5 ("Nosings on [stairway] treads should be kept to minimum dimensions in order to reduce the risk of passengers and crew tripping over them and should be of the same sectional shape on all treads of a stairway."); subpart G4.6 ("Stairways….should be fitted on each side with an efficient handrail."); and subpart G4.8 ("in general, the rise of each step should be kept constant to facilitate easy movement up (or down) the stairway, especially in an emergency situation.")

17. SOLAS regulations of this nature, being derived from a U.S. Senate-ratified treaty, have force of law so that any violation of same would amount to negligence *per se*.

18. The flooring material on each tread of the subject stairway (including the landing levels) is not laid flush against the back of the metal nosings of each of the treads. Instead, the level of the flooring material on each tread *is below* the level of the top of each nosing. As a result, the front of each tread presents an abrupt, vertical change in elevation (*i.e.*, a "lip") that exceeds the allowable height and is not beveled or ramped. To the contrary, the "lips" are sharp and fully capable of snagging a shoe of an unwary pedestrian and causing a fall.

19. This condition of the subject stairway (including the landings), at all relevant times, thus violates SOLAS *Regulation 13*, subparts 1.1, 1.2, G4.5, and G4.8, the defendant's own internal standards for flooring materials, and certain voluntary safety standards, guidelines and recommendations applicable to the maritime industry, including but not limited to International Maritime Organization (IMO) *MSC/Circ. 735* (24 June 1996), ¶13 ("Decks and floors should be level."); U.S. Access Board, *Passenger Vessel Accessibility Guidelines*, §V303.3 ("Changes in level between ¼ inch and ½ inch…shall be beveled…") and/or §V303.4 ("Changes in level greater than ½ inch shall be ramped."); American Society for Testing and Materials (ASTM) F 1637-95, §4.2.3-4 (same); and National Fire Protection Association (NFPA) NFPA-301, *Code for Safety to Life from Fire on Merchant Vessels*, §21.15.2.2 (Passenger vessel stairs) incorporating §7.2.2.3.4 ("Stair treads shall be…free of projections or lips that could trip stair users.")

20. In addition, the subject stairway's handrails, at all relevant times, do not extend to the last step and are insufficient to arrest a fall.

21. The subject handrails, at all relevant times, thus violate SOLAS *Regulation 13*, subpart G4.6, the defendant's own internal stairway standards, and certain voluntary maritime safety standards, guidelines and recommendations, including but not limited to International Maritime Organization (IMO), U.S. Access Board, *Draft Passenger Vessel Accessibility Guidelines* (2008), and ASTM *Standard Practice for Human Engineering Design for Marine Systems, Equipment, and Facilities.*

22. In addition, the treads of the subject stairway, including those directly below the location of Plaintiff's fall, lacked sufficient depth to allow an individual to regain footing to arrest a fall, contrary to national and international stairway safety standards, *e.g.*, U.S. Access Board, *Draft Passenger Vessel Accessibility Guidelines* (2008), §V502.2 ("treads shall be ll inches deep minimum".

23. The Defendant, at all relevant times, knew or should have known of the letter and intent of the above-referenced regulations, codes, standards, guidelines, and recommendations, *i.e.*, that they are efforts by prominent safety organizations to identify and avoid potential hazards to humans based upon real-world mishaps.

24. The conditions of the subject stairway in question, at all relevant times, are unreasonably dangerous and either were created by the Defendant or existed long enough so that the Defendant either knew or should have known of them and that they posed a clear and present danger to passengers.

25. On or about January 12, 2019, the Plaintiff, RODRIGUEZ, at the instruction of a crew member of CARNIVAL, was descending the subject stairway with her hand on one of the handrails. She was unaware of the hazards presented by the stairway and was exercising due care for her own safety. The Plaintiff, RODRIGUEZ, fell as a result of:

   a. The "lip" on the tread near the landing snagged one of her shoes,

   b. The handrail did not extend fully to the bottom of the subject stairway,

   c. The treads lacked sufficient depth,

   d. There treads were shallow,

   e. The subject stairway otherwise failed to comply with all applicable codes, rules and regulations,

   f. The Defendant, CARNIVAL, otherwise negligently failed to maintain the subject stairway in a reasonably safe condition,

   g. The Defendant, CARNIVAL, otherwise negligently failed to correct a dangerous condition about which the Defendant, CARNIVAL, either knew or should have known, by the use of reasonable care existed on the subject stairway,

   h. The Defendant, CARNIVAL, otherwise negligently failed to warn the Plaintiff, RODRIGUEZ, of a dangerous condition on the subject stairway about

which Defendant, CARNIVAL, had, or should have had, knowledge greater than that of the Plaintiff, RODRIGUEZ.

    i.    The Defendant, CARNIVAL, was otherwise negligent.

26. Falls, upon information and belief and at all relevant times, are the leading cause of injuries in the U.S. *and aboard Defendant's vessels*, and falls on stairways are a leading cause of fall injuries overall. The Defendant, at all relevant times, knows or should know of these statistics.

27. Many prior falls aboard Defendant's vessels, upon information and belief, were substantially caused by the similar types of walkway and stairway conditions that were a substantial contributing cause of the Plaintiff's incident and injuries. These prior mishaps and their causes were known to the Defendant prior to the subject incident.

28. The Defendant, before and after the subject incident, has been the target of several legal claims arising from just such walkway and stairway hazards and risk factors, and failures to remediate them.

29. In addition, the Defendant, at all relevant times, knows or should know that its business operations increase the risk of such falls and injuries, *e.g.*, the Defendant knowingly markets its cruises to individuals who lack familiarity with vessel appurtenances and/or who have disabilities and/or are elderly.

30. Further, the Defendant chooses not to systematically inspect its existing facilities to identify and locate hazardous stairway conditions and non-conformities with the aforementioned safety regulations, codes, standards, guidelines.

31. The Defendant, at all relevant times, had sufficient notice of the probable, if not actual, existence of the hazards and risk factors in question aboard its vessels, so that the exercise of reasonable care required the Defendant *to inspect* its existing walkways and stairways *to identify and locate* such hazards, *to correct* them and/or *to warn* passengers.

32. The Defendant, at all relevant times, either negligently created the dangerous conditions that were a substantial contributing cause of the Plaintiff's incident and injuries, and/or, in the alternative, negligently failed to inspect for and identify them and/or fix them and/or warn passengers of their existence.

33. At all times material hereto, the Defendant, CARNIVAL, was on notice or knew, or should have known, the subject stairway was not in a reasonably safe condition and was a dangerous condition to fare paying passengers, including but not limited to, the Plaintiff, RODRIGUEZ.

34. As a direct and proximate result of the Defendant's negligence, the Plaintiff was injured in and about her body and extremities, suffered physical and mental pain, physical handicap, aggravation of pre-existing injuries, loss of capacity for enjoyment of life, and incurred medical expenses in the treatment of the injuries. The injuries are either permanent or continuing in nature and the plaintiff will suffer her losses and impairments in the future.

35. The Plaintiff properly notified the Defendant of her claim and filed suit within six (6) months and one (1) year of the subject incident, respectively, as required by CARNIVAL's cruise ticket.

36. The Defendant, to induce Florida's Third District Court of Appeal to uphold its federal forum clause, represented to that court in briefs and oral argument in *Leslie v. Carnival*, 22 So.3d 561, 562 (Fla. 3d DCA 2008), and *Leslie v. Carnival*, 22 So. 3d 567 (Fla. 3d DCA 2009) (*en banc*) that the defendant would *always* consent to future requests by its non-diversity passenger-suitors for a jury trial in federal court.

WHEREFORE the plaintiff, YRIS RODRIGUEZ, demands judgment for damages against defendant CARNIVAL CORPORATION, a foreign corporation d/b/a CARNIVAL CRUISE LINES, including prejudgment interest, and demands a <u>trial by jury</u>, either as allowable by right or by consent pursuant to FRCP 39(c).

## **DEMAND FOR JURY TRIAL**

Plaintiff, YRIS RODRIGUEZ, hereby demands trial by jury of all issues triable as of right by a jury.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on __11/5/19__, I electronically filed the foregoing document with the Clerk of the court using CM/ECF and a true and correct copy of the foregoing document will be served on the Defendant via service of process in due course.

> LaBovick, LaBovick & Diaz
> 5220 Hood Road, Suite 200
> Palm Beach Gardens, FL 33418
> (561) 625-8400 - Telephone
> (561) 370-6412 – Facsimile
> Email:Phunt@LaBovick.com;
> Pdaddario@LaBovick.com;
> PILit@LaBovick.com
>
> By: ___/s/ Peter Hunt___
> Peter R. Hunt, Esq.
> Florida Bar Number: 107350