UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 19-CV-24574-PCH

YRIS RODRIGUEZ,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

    Defendant.
_____/

## JOINT PRETRIAL STIPULATION

The Parties to this action, by and through their undersigned counsel, and pursuant to Local Rule of the Southern District of Florida 16.1(e) and this Honorable Court's Order Setting Civil Jury Trial Date and Pretrial Schedule [D.E. 9], hereby file this Joint Pretrial Stipulation and say:

1. **Statement of the case by each party**:

**Plaintiff's Statement of the Case**:

This is a maritime personal injury case where the Plaintiff asserts she fell on a maritime crew ladder staircase designed and intended to be used by only able-bodied crew members. The maritime crew ladder staircase Carnival provided to Plaintiff to exit the ship was not a part of the guest areas. The maritime crew ladder staircase was not designed or intended to be used by guests of the ship.  While attempting to debark from the ship a Carnival Crew member instructed Plaintiff and her family to disembark by traveling through a crew only doorway.  There was a group of people who were diverted by a Carnival crew member to not follow the normal disembarkation instructions and pathways set out by the ship but to instead move outside those areas and disembark through the Crew only area.  To do so Plaintiff was instructed to pass through a doorway which

bore a sign saying "Crew Only." The Carnival crew member assured Plaintiff that this was the correct path to exit the ship. Once Plaintiff went through the door, she followed the hallway to a maritime crew ladder staircase that was extremely steep. The Plaintiff attempted to navigate the maritime crew ladder staircase slowly and carefully, but the steepness of the steps, the handrail being wobbly, and the overall difficulty maneuvering down the maritime crew ladder staircase created a situation where she missed the last step and/or slipped off the end of the last step with her heal, and fell onto her ankle crushing it under the weight of her body. The uncontroverted video evidence shows Plaintiff made her way down the subject maritime crew ladder staircase slowly and that it was difficult to navigate. The video does show her falling slightly off the last step. The subject maritime crew ladder staircase was inspected by Plaintiff's expert who found the maritime crew ladder staircase steps to be inappropriate and dangerous for commercial use. Carnival has knowledge and notice that the subject maritime crew ladder staircase was foreseeably dangerous to passengers as other individuals have fallen on this ship's maritime crew ladder staircase and on a Carnival Cruise Line sister ship's identical maritime crew ladder staircase.

**Defendant's Statement of the Case**:

This is a maritime personal injury case where the Plaintiff asserts she fell on a stairway while descending from Deck 1 to Deck 0 in order to disembark the *Carnival Victory* while the vessel was in port at Nassau. The uncontroverted video evidence shows Plaintiff made her way down the subject stairway without incident until she missed the final step. She did not slip and fall on any liquid or transient substance, and she did not trip and fall. Plaintiff does not know what caused her accident and has no idea what Carnival did wrong that caused or contributed to her accident. The subject stairway was inspected by Carnival security. No security officer found that the stairs were wet, or that there was any other discrepancy present on the subject stairs. No

corrective actions had to be taken after the Plaintiff's accident. Plaintiff's own daughter, Barbara Diaz, who was a few steps behind the Plaintiff at the time of the accident, does not know how Plaintiff missed the last step, or what caused her to miss the last step. Ms. Diaz explained that Plaintiff did not slip on the steps, and that her mother told her after the accident that she missed a step. It is clear she mis-stepped. There is no allegation that there was a hidden condition which caused Plaintiff to fall, nor is there any evidence of a hidden condition causing Plaintiff to fall.

Defendant denies that it breached any duty to Plaintiff and denies that it was negligent in any manner.

2. **Basis of Federal Jurisdiction**:

    This Court has jurisdiction pursuant to 28 U.S.C. § 1333, as the Plaintiff's claim arises under admiralty and/or maritime jurisdiction. The Defendant's Passenger Ticket Contract venue selection clause mandated that the Plaintiff file her civil action in the United States District Court for the Southern District of Florida.

3. **Pleadings raising the issues**:

    a. Complaint of the Plaintiff filed on November 5, 2019 [D.E. 1].

    b. Carnival's Answer and Affirmative Defenses filed on November 26, 2019 [D.E. 8].

4. **List of all undisposed of motions or other matters requiring action by the Court**:

    a. Defendant's Motion for Summary Judgment (D.E. 44].

    b. Defendant's Omnibus Motion in Limine [D.E. 66].

    c. Defendant's *Daubert* Motion to Strike Plaintiff's Expert, Thomas Lodge. [D.E. 65].

5. **Uncontested facts which will require no proof at trial**:

    a. For purposes of this litigation only, at the time of the incident, the Carnival *Victory* was owned and operated by Carnival Corporation.

    b.  Carnival Corporation does business as Carnival Cruise Line, Carnival is incorporated in Panama, but does business in the State of Florida.

    c.  At the time of the incident, the Plaintiff was a passenger aboard the Carnival *Victory*.

6. **Issues of fact which remain to be litigated at trial**:

    a.  Negligence of the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, if any.

    b.  Negligence of the Plaintiff, YRIS RODRIGUEZ, if any.

    c.  Causation of Plaintiff's alleged injuries and damages.

    d.  The Vicarious Liability of CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES due to their crew member's negligent behavior by directing the Plaintiff down the crew stairway.[1]

    e.  Whether and to what extent the incident caused economic damages to the Plaintiff.

    f.  Whether and to what extent the incident caused non-economic damages to the Plaintiff.

    g.  Whether and to what extent Plaintiff's past medical bills are reasonable and medically related to the subject incident.

    h.  Whether and to what extent Plaintiff requires any additional medical treatment, and if so, the reasonable charges for same.

    i.  Whether and to what extent Plaintiff suffered past non-economic damages.

    j.  Whether and to what extent Plaintiff will suffer future non-economic damages.

7. **Issues of law on which there is agreement**:

    a.  The applicable law is general maritime law.

---

[1] Defendant objects to any claim of vicarious liability since it was never raised during the Court's deadline to amend pleadings, nor did Plaintiff ever seek leave to amend her Complaint to raise vicarious liability.

    b. Federal subject matter jurisdiction arises under the laws of the United States pursuant to 28 USC § 1333; and under the General Maritime Law of the United States.

    c. Venue is proper.

    d. Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

    e. The Plaintiff had a duty to exercise reasonable care under the circumstances for her own safety.

8. **Issues of law which remain for determination by the Court**:

    a. All legal issues raised in the motions listed in Paragraph IV., *supra*. Evidentiary issues at trial.

9. **Estimated trial time**:

    a. 4-5 days.

10. **Attorney's fees**:

    a. There is no claim for attorney's fees.

Dated: September 3, 2021.

*/s/ Brian F. LaBovock*
**Brian F. LaBovick**
Florida Bar No.: 870810
blabovick@labovick.com
LABOVICK LAW GROUP
5220 Hood Road, Suite 200
Palm Beach Gardens, FL  33418
Telephone: (561) 625-8400
Facsimile:  (561) 627-3209
***Attorneys for Plaintiff, Yris Rodriguez***

*/s/ Juan C. Perez, Jr.*
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
jperez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
***Attorneys for Defendant, Carnival Cruise Lines***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on September 3, 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Juan C. Perez, Jr., Esq.*
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
***Attorneys for Defendant, Carnival Cruise Lines***

## SERVICE LIST

| | |
|---|---|
| **Brian F. LaBovick** | **David J. Horr** |
| Florida Bar No.: 870810 | Florida Bar No.: 310761 |
| blabovick@labovick.com | dhorr@admiral-law.com |
| LABOVICK LAW GROUP | **Juan C. Perez, Jr.** |
| 5220 Hood Road, Suite 200 | Florida Bar No.: 91581 |
| Palm Beach Gardens, FL 33418 | jperez@admiral-law.com |
| Telephone: (561) 625-8400 | HORR, NOVAK & SKIPP, P.A. |
| Facsimile: (561) 627-3209 | Two Datran Center, Suite 1700 |
| *Attorneys for Plaintiff, Yris Rodriguez* | 9130 South Dadeland Boulevard |
| | Miami, FL 33156 |
| | Telephone: (305) 670-2525 |
| | Facsimile: (305) 670-2526 |
| | *Attorneys for Defendant, Carnival Cruise Lines* |